Date Signed:
July 22, 2015



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JAMES J. WOOD, JR., and MARILYN S. WOOD,<br><br>Debtors. | Case No.13-00757<br>Chapter 7 |
| CHARLES M. BENCH and YU NEU BENCH, aka HELEN BENCH,<br><br>Plaintiffs,<br><br>vs.<br><br>MARILYN S. WOOD, JAMES J. WOOD, JR., and UNIVERSAL FENCE, LLP,<br><br>Defendants. | Adv. Pro. No. 13-90060<br><br><br><br>Re: Dkt. No. 93 |

### ORDER ON MOTION TO ALTER OR AMEND FINDINGS AND JUDGMENT

Plaintiffs Charles and Helen Bench move the court to alter, amend, or add to its findings of fact and conclusions of law entered after trial.

I have carefully considered the Benches' arguments and Marilyn Wood's response. For the most part, the Benches disagree with my evaluation of the evidence and my application of the law to the facts. I remain convinced that, with two exceptions described below, my factual findings are based on the weight of the evidence and are consistent with one another, and that my legal conclusions are correct.

One of the Benches' legal contentions deserves detailed attention. The Benches argue that James and Marilyn were partners and "were engaged in a partnership." I disagree. Mr. and Ms. Wood were not in a general partnership. They formed a limited liability company (LLC) that they subsequently renamed and then converted to a limited liability partnership (LLP). The selection of one business entity (LLC or LLP) necessarily precludes liability under an alternative entity (a general partnership). Hawaii's LLP and LLC statutes define the liability of members of those entities. It would defeat the purpose of forming and registering a limited liability entity if members could still be liable as members of a general partnership.

The Benches' reliance on Collins v. Wassell[1] is misplaced. That case concerned the division of marital assets. Hawaii uses "'a framework based on partnership principles that provides . . . guidance for family courts to use in dividing property

---

[1] 323 P.3d 1216 (Haw. 2014).

U.S. Bankruptcy Court - Hawaii   #13-90060   Dkt # 98   Filed  07/22/15   Page 2 of 4

upon divorce.'"[2] The state's courts draw on general partnership principles to guide the family court in arriving at an equitable property division. However, Hawaii's use of partnership principles to allocate marital assets does not imply that spouses who engage in business together are always general partners, even if the spouses form a limited liability entity to conduct that business.

The Benches correctly point out a related set of errors in my findings of fact. My findings state that Mr. Summo, and later Mr. Souza, became involved in Universal Fence on specified dates. The corporate record is less clear than my findings indicate. I will issue amended findings to correct this point (although it has no bearing on the outcome).

One additional point requires correction and clarification. The Benches are concerned that my findings and conclusions might make it difficult for them to obtain default judgments against Mr. Wood and Universal Fence, LLP. This concern is misplaced. I am prepared to enter judgments by default against Mr. Wood and Universal Fence, LLP, for all of the relief demanded in the complaint because they failed to appear at trial. My findings of fact state that judgment by default would enter against James Wood; my omission of Universal Fence, LLP, was inadvertent. The Benches' counsel may submit a judgment by default against both James Wood and

---

[2] Collins, 323 P.3d at 1224.

3

U.S. Bankruptcy Court - Hawaii    #13-90060    Dkt # 98    Filed 07/22/15    Page 3 of 4

Universal Fence, LLP.[3]

Therefore, except to the limited extent set forth in the preceding paragraphs, the motion is DENIED.

END OF ORDER

---

[3]Mrs. Wood argues that the bankruptcy court lacks constitutional authority to enter a judgment against Universal Fence, LLP. Mrs. Wood lacks standing to assert Universal Fence's rights, and its failure to appear at trial and to state its position on the court's power as directed, see dkt. no. 38, operates as Universal Fence's consent to the bankruptcy court's entry of a final judgment against it.